# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARCUS BRADLEY**,

**Petitioner**,

v.

**DONALD GAETZ,**[1]

**Respondent**,    No. 05-0712-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background[2]

Pending before the Court is a Report and Recommendation ("the Report) submitted on January 30, 2009, by Magistrate Judge Clifford J. Proud regarding Petitioner Marcus Bradley's petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (Doc. 15). The Report recommends that Bradley's writ of habeas corpus be denied in all respects, leaving his conviction and sentence undisturbed. Bradley filed objections to the Report on February 19, 2009 (Doc. 16) to which Respondent, Donald Gaetz filed a response (Doc. 17). Timely objections having been filed, this

---

[1] When Bradley filed his petition, Alan Uchtman was the warden of Menard and the proper Respondent. Currently, Donald Gaetz is the Warden of Menard. Thus, the Court substitutes Gaetz as the Respondent. **See Fed.R.Civ.P. 25(d); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996)**.

[2] The Court will presume that the state appellate court's factual determinations are correct for the purposes of habeas review as Bradley has not provided clear and convincing evidence to the contrary. **See 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002)**. Thus, the facts are taken from the Illinois Appellate Court opinion. **See *People v. Bradley*, 810 N.E.2d 494 (Ill. App. 2004)**.

Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.* Based on the applicable case law and the following, the Court adopts /modifies the Report, overrules Bradley's objections and denies his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The facts surrounding Bradley's conviction and sentence are as follows.

> Marcus Bradley took strong offense at the fact that Dewayne Wilson had beat up Marcus's younger brother. Marcus was heard to say: "That nigger fuck my brother up. It's not going on like that." A few hours later, in the early morning of December 5, 1999, Marcus and his brother Antoine Bradley, accompanied by Diwone Walker, Alexander Matlock, David Taylor, and Terrance Luster, drove to Dewayne Wilson's house, intent on settling the score.
>
> Marcus and Diwone, armed with shotguns, kicked down the front door and entered the Wilson home while Taylor and Luster stood watch with two-way radio sets. When Diwone saw Montez Wilson, Dewayne's brother, he shot him in the back. Montez died from the wound.
>
> Marcus found Tina Jackson, Dewayne's girlfriend and mother to Dewayne's three young children. He jammed the barrel of the shotgun against Tina's head and demanded to know where he could find Dewayne. Apparently, Tine was not forthcoming enough to satisfy Marcus. With the shotgun barrel flush against Tine's head, he pulled the trigger. Marcus blew Tina's brains out. When he returned to his cohorts, waiting for him at the car, he explained why he had decided to kill a defenseless young woman: "I told the bitch to tell me where Wayne was at."

***Bradley*, 810 N.E.2d at 495**; **(Doc. 8-2, ps. 1-2)**.

On January 7, 2000, the grand jury of St. Clair County, Illinois returned a two count Criminal Indictment charged Bradley with two counts of first degree murder for causing the deaths of Tina L. Jackson (Count 1) and Montez L. Wilson (Count 2) in violation of 720 ILCS 5/9-1(a)(1) (Doc. 8-12 ps. 12-13). The Criminal Indictments did not specifically state that the prosecution's theory was felony murder. **(Doc. 8-12, ps. 12-13)**. On September 21, 2001, the State, pursuant to **People v. Maxwell, 592 N.E.2d 960 (Ill. 1992)** and **People v. Rosochacki, 244 N.E.2d 136 (Ill. 1969)**, gave notice to Bradley and his counsel that it intended to submit jury instructions on multiple theories of first degree murder, including home invasion and/or armed robbery. **(Doc. 8-12 p. 14)**.

The jury instructions given at trial included instructions on the law regarding accomplice liability and felony murder **(Doc. 8-12 ps. 17-20; Doc. 8-13, ps. 2-5)**. Bradley did not object to these instructions. Following the trial, Bradley was convicted of two counts of first degree murder and sentenced to natural life imprisonment. *Id*. Bradley appealed his conviction and sentence (Doc.   ).[3] The Illinois State Appellate Court affirmed Bradley's sentence and conviction **(Doc. 8-2).** The Illinois State Appellate Court found:

> (1) Bradley could not establish prejudice with respect to his ineffective assistance of counsel claim about the jury venire composition given the evidence at trial and that the underrepresentation of African Americans

---

[3]On appeal, Bradley discharged his appellate counsel and proceed pro se with the help of inmate advocate Geroffrey W. Freeman.

in Bradley's jury venire did not indicate a flawed selection process but, instead, a rare jury composition in petitioner's case; (2) Illinois law does not require that an accountability theory be alleged in the indictment; (3) trial counsel was not ineffective for not challenging the indictment's lack of an accountability theory allegation; (4) the bad character of the witnesses testifying against petitioner did not render the evidence insufficient; (5) Bradley's second trial counsel's withdrawal because of a conflict of interest did not give rise to a valid speedy trial claim; and (6) Bradley was not found guilty of an offense not charged in the indictment given that an accountability theory did not have to be alleged.

***Bradley*, 810 N.E.2d 494**; (Doc. 8-2). Thereafter, Bradley filed a petition for leave to appeal in the Illinois Supreme Court, raising the same claims presented on appeal **(Doc. 8-9)**. The Illinois Supreme Court denied his petition for leave to appeal **(Docs. 8-9, 8-10 & 8-11).** Bradley did not file a collateral attack in the Illinois State Court. Instead, he timely filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).[4]

In his petition, Bradley raised six issues:

(1) Pursuant to the indictment returned, petitioner was charged with (2) counts of first degree murder. The State proceeded under the felony murder rule. The State based felony murder on Home invasion and armed robbery. The State argued that petitioner had committed the offenses of home invasion and armed robbery. The State instructed the jury on the offenses of home invasion and armed robbery. However, this petitioner was never charged by the Indictment with either charge;

(2) The State interjected the accountability theory, when said theory has distinct elements to be proven beyond a reasonable doubt. Since the burden of proof involves reasonable doubt, accountability is a separate and distinct offense, and should have been charged by indictment. Pursuant to U.S. Supreme Court law, reasonable doubt is the standard of proof reserved only for criminal offenses;

---

[4]Respondent admits that Bradley's petition is timely.

(3) Trial counsel was ineffective for failing to object or challenge the State's act of giving the jury an unconstitutional instruction based on offenses never charged by the grand jury. Said instructions containing offenses which acted to broaden the indictment as returned;

(4) The conviction violates the Constitution and/or the laws of the United States because all of the evidence was derived from persons after they were charged and made cooperative deals with the State, contrary to *Lily v. Virginia*, 527 U.S. 116 (1999);

(5) The conviction violations the Constitution and/or laws of the United States because the trial court erred by not dismissing the case on a speedy trial violation, because petitioner had demanded a speedy trial before his new counsel moved to withdraw due to a conflict of interest, yet the time attributable to securing new counsel was charged to petitioner; and

(6) The conviction violates the Constitution and/or laws of the United States because trial counsel was ineffective by failing to properly present evidence needed to show the jury venire improperly excluded African Americans.

**(Doc. 1, ps. 9-11)**. Thereafter, the Respondent filed an answer to the petition (Doc. 8). Bradley then filed a "traverse" (Doc. 10). In his traverse, Bradley withdrew all claims except those federal claims the Illinois State Appellate Court had not reached contained in issues 1-3. (Doc. 10, ps. 1-2). These issues are: (1) The indictment did not allege that petitioner also committed the offense of home invasion and armed robbery, which were given to the jury by instructions and argued by the State; (2) Trial counsel was ineffective for not challenging jury instructions felony murder based upon offenses not alleged in the indictment; and (3) That accountability is a separate and distinct criminal offense, with its own separate and distinct elements to be proven, and contains the requisite manner of persuasion of reasonable doubt

as defined by the United States Supreme Court in *In re Winship*, 397 U.S. 358 (1970). On January 30, 2009, Magistrate Judge Proud issued a Report recommending that the Court deny Bradley's petition (Doc. 15). Bradley filed objections to the Report on February 19, 2004 (Doc. 16) to which Respondent filed a response on March 4, 2009 (Doc. 17).

## II. Standard of Review

In adjudicating claims brought in a petition under 28 U.S.C. § 2254, the Court is constrained ordinarily by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). **See *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)**. AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." **28 U.S.C. § 2254(a)**. The Court can only grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." ***Williams v. Taylor,* 529 U.S. 362, 383, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)**. A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court or if the state court reaches an opposite result in a case involving facts materially indistinguishable from relevant Supreme Court precedent. ***Bell v. Cone,* 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002)**. A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. ***Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)**. To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable. " ***Id.***

In this case, however, both sides agree that the Illinois State Appellate Court did not reach some of the issues raised by Bradley.[5] Thus, the Court in deciding those issues must "dispose of the matter as law and justice require." ***Harrison v. McBride*, 428 F.3d 652, 665 (7th Cir. 2006)(citing 28 U.S.C. §**

---

[5]As Bradley's "traverse" states and the Report notes, Bradley withdrew all claims raised in his original petition, except those federal claims that the Illinois State Appellate Court failed to address. ***See* Doc. 10, ps. 1-2; Doc. 15, p. 6**. However, in his "traverse" Bradley contends that the Illinois State Appellate Court failed to address three issues while the Respondent maintains that the Illinois State Appellate Court failed to address two issues.

2243)**. This is "a more liberal standard of review" than Section 2254(d)(1). ***See Guest v. McCann,* 474 F.3d 926, 930-31 (7th Cir. 2007)(when no state court decision discussed merits, Section 2243 applies)**; *see also Stevens v. McBride,* **489 F.3d 883, 901 (7th Cir. 2007)("As a practical matter, a federal court cannot apply the deferential standard provided by § 2254(d) in the absence of any state court decision on the issue.")**. To qualify for a writ of habeas corpus, petitioner must demonstrate that "he is in custody in violation of the Constitution or laws or treaties of the United States." *Harrison*, **428 F.3d at 665**.

### III. <u>Analysis</u>

**Indictment and Jury Instructions**

A federal court may grant habeas corpus relief to state prisoners only for violations of federal law. **28 U.S.C. § 2254;** *Engle v. Isaac*, **456 U.S. 107 (1982).** Although the Fifth Amendment requires indictment by a grand jury in felony cases, **U.S. Const. amend. V**, this requirement only applies to prosecutions by the federal government, not to state prosecutions. ***See, e.g.*, *Alexander v. Louisiana,* 405 U.S. 625, 633, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972);** *Bae v. Peters,* **950 F.2d 469, 477 (7th Cir. 1991)**. "The validity of an indictment is subject to measurement against general fourteenth amendment guarantees of due process." *Ballard v. Bengston*, **702 F.2d 656 (7th Cir. 1983)(per curiam)**. The due process clause requires that a criminal defendant receive "notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge." *Cole*

***v. Arkansas*, 333 U.S. 196, 201 (1948)**. Due process prevents a criminal defendant from being convicted of an offense "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." ***In re Winship,* 397 U.S. 358, 364, (1970);** *see also **Henderson v. Kibbe,* 431 U.S. 145, 153 (1977)**.

In Illinois law, when there is a variance between the indictment and jury instructions, no due process violation occurs unless the variance exposed the defendant to double jeopardy or misled the defendant in his defense. ***See Jenkins v. Nelson*, 157 F.3d 485, 498-99 (7th Cir. 1998)("Illinois courts which have addressed similar variances between indictments and jury instructions have consistently held that such variances will not vitiate a conviction as long as the variance does not mislead the defendant in the presentation of his defense, does not expose him to double jeopardy, and as long as there was ample evidence presented to the jury to permit it to find the defendant guilty of the charged crime beyond a reasonable doubt.")(citing *People v. McEvoy*, 337 N.E.2d 437 (Ill. App. 1975);** *People v. Rosochacki*, **244 N.E2d 136, 141 (Ill. 1969)**; *People v. Laramore*, **516 N.E.2d 401 (Ill. App. 1987))**.[6]

---

[6]Under federal law, a constructive amendment can occur if the prosecution, during its argument or presentation of the evidence, or the court, through the jury instructions, expands the grounds the jury can rely on to convict the defendant. ***See United States v. Baker*, 227 F.3d 955, 960 (7th Cir. 2000);** *United States v. Blanchard*, **542 F.3d 1133, 1143 (7th Cir. 2008);** *United States v. Mitov*, **460 F.3d 901, 906 (7th Cir. 2006)**. A variance between the indictment and proof exists "when the terms of the indictment are unaltered, but the evidence at trial proves facts materially different from those alleged in the indictment." *United States v. Galiffa*, **734 F.2d 306, 312 (7th Cir. 1984)**. "A variance between an allegation and proof is not fatal unless the defendant has been thereby deprived of an adequate opportunity to prepare a defense or has been

### A. Home Invasion and Armed Robbery

Bradley argues that the indictment did not allege that he also committed the offenses of home invasion and armed robbery, which were given to the jury by instructions and argued by the State. Specifically, Bradley maintains that there is no provision in Illinois law which permits a defendant to be convicted of uncharged offenses, or predicate felonies of felony murder, absent one being charged first with those predicate felonies of felony murder. The Court rejects Bradley's argument.

Under Illinois law, the test is whether the indictment informed defendant of the offense charged with sufficient specificity to allow him to prepare his defense and protect him from double jeopardy. **People v. Allen, 56 Ill.2d 536, 542-43, 309 N.E.2d 544 (Ill. 1974)**. A jury may be instructed on felony murder even if felony murder was not specifically charged. **People v. Maxwell, 148 Ill.2d 116, 170 Ill.Dec. 280, 592 N.E.2d 960 (Ill. 1992).** "[T]he law in Illinois recognizes only one offense of murder; thus, there is no requirement that a defendant be charged specifically under section 9-1(a)(3) ... in order to be convicted under the felony murder theory." **People v. Jackson, 233 Ill.App.3d 1089, 1096, 175 Ill.Dec. 178, 599 N.E.2d 1192 (Ill. App. 1992)**. Further, the court in *Jackson* found the defendant was protected from double jeopardy because if defendant was charged and acquitted under section 9-1(a)(1), he could not be tried for the murder of the same individual under subparagraph (a)(2) or (a)(3). **Jackson, 233**

---

exposed to a risk of being prosecuted twice for the same offense." **United States v. Kuna, 760 F.2d 813, 819 (7th Cir. 1985)(citations omitted)**.

**Ill.App.3d at 1097, 175 Ill.Dec. 178, 599 N.E.2d 1192**. The court in *Jackson* found no unfair surprise or prejudice because the defendant was aware of the felony murder theory from the instruction conference. *Jackson*, **233 Ill.App.3d at 1098, 175 Ill.Dec. 178, 599 N.E.2d 1192**.

Here, the State provided Bradley with formal notice that it intended to submit jury instructions on multiple theories of first degree murder, including felony murder as provided in 720 ILCS 5/9-1(a)(3), based on predicate felonies of home invasion and/or armed robbery. Bradley knew that it was necessary to prepare a defense against the charges contained in his indictment and home invasion and/or armed robbery serving as the predicate felonies for the felony murder theory. Defendant was not misled in his defense, and his defense – that he was at his grandmother's house at the time of the shooting and that he did not shoot either Wilson or Jackson – would have been the same. Defendant was also well aware of the State's theory that the killings of Wilson and Jackson occurred during the commission of these predicate felonies. Based on the circumstances of the case, the Court finds that Bradley suffered no unfair surprise or prejudice and was informed with sufficient specificity to allow Bradley to prepare his defense to avoid double jeopardy. Further, the jury instructions submitted at trial included instructions on the law regarding the elements of proof for the predicate felony offenses and specified that proof beyond a reasonable doubt was required. Thus, the Fifth, Sixth and Fourteenth Amendments were not violated.

**B. Accountability**

Bradley's argument is premised on the assumption that the State was required to charge him under an accountability theory because it is a criminal offense with its own and separate distinct elements. The Court disagrees.

The states rather than the federal government "possess primary authority for defining and enforcing the criminal law." ***Brecht v. Abrahamson***, 507 U.S. 619, 635 (1993); *See also Cole v. Young*, 817 F.2d 412, 416 (7th Cir. 1987)(State courts are the ultimate expositors of their own state's laws and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances ...."); ***Schlesigner v. Councilman***, 420 U.S. 738, 755 (1975)(state court "alone can define and interpret state law').

"[I]t has been the rule in Illinois that a person charged as a principal can be convicted upon evidence showing that he was in fact only an aider or abetter." ***People v. Doss***, 99 Ill.App.3d 1026, 1029, 426 N.E.2d 324, 327 (Ill. App. 1981) (citations omitted); ***People v. Nicholls***, 42 Ill.2d 91, 100, 245 N.E.2d 771 (Ill. 1969); ***People v. Nelson***, 33 Ill.2d 48, 51-52, 210 N.E.2d 212 (Ill. 1965). This is so because "accountability is not a separate offense but merely an alternative manner of proving a defendant guilty of the substantive offense." ***Doss***, 99 Ill.App.3d at 1029; ***People v. Hicks***, 181 Ill.2d 541, 547, 693 N.E.2d 373, 376 (1998) (accountability is not in and of itself a crime; rather the statute is a

mechanism through which a criminal conviction may be reached**)**.  In essence, accountability provides an alternative basis of liability, not an additional basis for liability.  A defendant charged as a principal can be convicted on a theory of accountability if supported by the evidence.  **People v. Carlson, 224 Ill.App.3d 1034, 1045, 167 Ill.Dec. 96, 586 N.E.2d 1368 (Ill. App. 1992); People v. Whitlock, 174 Ill.App.3d 749, 780-81, 124 Ill.Dec. 263, 528 N.E.2d 1371 (Ill. App. 1988); Doss, 99 Ill.App.3d at 1029, 55 Ill.Dec. 349, 426 N.E.2d 324**.

Here, the jury was instructed properly pursuant to Illinois law regarding accountability, 720 ILCS 5/5-2(c).  As stated in the Report, when this issue is presented through jury instructions it has been found not to offend the federal right of due process.  **See Garth v. Davis, 470 F.3d 702 (7th Cir. 2006)(pertaining to Indiana's accountability statute)**.  Thus, the fact that Bradley's indictment did not mention the possibility of liability based on an accountability theory did not result in a denial of due process; Bradley had fair notice that Illinois law permitted his conviction on that theory.  He is not entitled to habeas corpus relief on this basis.

**Ineffective Assistance of Counsel**

In his traverse, Bradley argues that his trial counsel was ineffective for not challenging the jury instructions as to felony murder based on offenses not alleged in the indictment.

To render effective assistance of counsel under the Sixth Amendment to the United States Constitution, counsel's performance must satisfy the well-known

*Strickland* standard. See *Strickland v. Washington,* **466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)**. Under the first prong of the ***Strickland*** standard, Bradley must show that his counsel's representation fell below an objective standard of reasonableness. *Id.* **at 687-88**. The second *Strickland* prong requires Bradley to establish that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* **at 694**. If a defendant fails to satisfy one of the ***Strickland*** prongs, the court's inquiry under ***Strickland*** ends. **See id. at 697;** *see also* **Hough v. Anderson, 272 F.3d 878, 890 (7th Cir. 2002)**. There is a strong presumption that a criminal defendant's counsel rendered assistance falling within an objective standard of reasonableness. *Mason v. Godinez,* **47 F.3d 852, 855 (7th Cir. 1995)**.

The Court agrees with the Report that there was no error in the indictment, notice to Bradley and the jury instructions, thus there can be no error attributable to his lawyer. Bradley is incorrect, and any arguments regarding these would have been unavailing. Counsel is not required to raise a losing argument. ***See Rodriguez v. United States,* 286 F.3d 972, 985 (7th Cir.2002) (attorney's failure to raise a losing argument is not unreasonable and thus does not provide grounds for a finding of ineffectiveness)**. Consequently, under the circumstances of this case, Bradley's counsel satisfied the objective standard of reasonableness required by ***Strickland***.

With regard to the Report and Bradley's objections, the Court

determines that Magistrate Judge Proud made a correct recommendation and that Bradley's objections only demonstrate a misunderstanding of the law.[7] Bradley's objections merely take umbrage with the Report's ultimate findings. In sum, Bradley failed to show that he is in custody in violation of his constitutional rights. Therefore, the Court denies his petition.

## IV. Conclusion

Accordingly, the Court **ADOPTS/MODIFIES** the Report in its entirety (Doc. 15). The Court **DENIES** Bradley's petition for relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The Court **DISMISSES with prejudice** Bradley's cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 11th day of March, 2009.

/s/      *DavidRHerndon*
**Chief Judge**
**United States District Court**

---

[7]Bradley contends that the Report used the wrong standard of review in analyzing his claims. While Bradley is correct that the Report did not set forth the proper standard, the Court finds that any error in this regard was harmless as the result is the same under either standard. Here, the Court has set forth and utilized the proper standard of review.