IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCUS BRADLEY,

Petitioner,

v.

DONALD GAETZ,

Respondent.                                No. 05-cv-0712-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On March 13, 2009, the Court denied and dismissed with prejudice Bradley's 28 U.S.C. § 2254 petition (Doc. 18). On March 16, 2009, the Clerk of the Court entered judgment reflecting the same (Doc. 19).[1] Now before the Court is Bradley's April 17, 2009, motion for certificate of appealability (Doc. 20). As a preliminary matter, Bradley's motion clearly evinces an intent to appeal the Court's denial and dismissal of his petition and satisfies the requirement of a notice of appeal under Federal Rulee of Appellate Procedure 3(c)(1). Thus, the Court **CONSTRUES** the motion for certificate of appealability to contain a notice of appeal

---

[1] The Court approved the Judgment on March 13, 2009. However, it was not entered into the Court's electronic filing system until March 16, 2009.

filed on April 17, 2009 and **DIRECTS** the Clerk of the Court to docket it as so.

Under 28 U.S.C. § 2253, a habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. ***See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003)**. "The purpose of requiring a certificate of appealability is to conserve judicial resources by screening out clearly unmeritorious appeals." ***Buie v. McAdory,* 322 F.3d 980, 981 (7th Cir. 2003)**. A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. ***Miller-El,* 537 U.S. at 336; *Cosby v. Sigler,* 435 F.3d 702, 708 (7th Cir. 2006)**. Under this standard, Bradley must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. " ***Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000))**. While a petitioner seeking a COA need not demonstrate that he will prevail on appeal, he "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." ***Miller-El,* 537 U.S. at 338 (internal quotation marks and citation omitted)**.

Upon view of the record and pursuant to the § 102 of the Antiterrorism and Effective Death Penalty Act of 1996, **28 U.S.C. § 2253**, the Court certifies that Bradley has not made a substantial showing in his motion under **28 U.S.C. § 2254**

of the denial of a constitutional right, and therefore, **DECLINES** to issue a certificate of appealability. Accordingly, the Court **DENIES** Bradley's motion for certificate of appealability (Doc. 20).

    **IT IS SO ORDERED.**

    Signed this 20th day of April, 2009.

    /s/ David R Herndon
**Chief Judge**
**United States District Court**